1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*___E-FILED - 11/20/08___*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH CARROLL FITZHUGH, JR., | ) | No. C 07-1091 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER ALLOWING FURTHER |
| | ) | BRIEFING ON RESPONDENT'S |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| JOHN MARSHALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  On March 24, 2008, respondent filed a motion to dismiss the

petition as untimely.  The court granted petitioner's request for extension of time to file his

opposition to the motion to dismiss.  Petitioner filed his opposition on June 3, 2008.  Although

ordered by the court to do so, respondent has not filed a reply.

Petitioner's opposition concedes the time limits set forth by respondent's motion to

dismiss, however, he claims that he is entitled to equitable tolling which would make his petition

timely under the AEDPA's statute of limitations.  Specifically, petitioner states that he gave all

his legal documents to a fellow inmate who planned to prepare petitioner's opening brief to the

California Court of Appeal on direct appeal.  This inmate, Mark Steven Baird, submitted a

declaration, averring that he accidentally sent all of petitioner's legal documents in May 2002 to

his personal home and was unable to get those documents returned to him until June 2004.  Thus,

Order Allowing Further Briefing on Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.07\Fitzhugh091mtdbriefing.wpd

1   petitioner argues that he is entitled to equitable tolling from May 1, 2002 through June 15, 2004.

2   However, petitioner has failed to provide the court with sufficient information as to how he

3   diligently pursued his rights during that time, and what specific extraordinary circumstances

4   stood in his way which caused his petition to be untimely.  Given that petitioner is pro se, the

5   court will afford him an opportunity to file a supplemental opposition and declaration in support

6   of his claim of equitable tolling.

7        The Ninth Circuit has held that a petitioner does not "carry a burden of persuasion" at the

8   time he asserts equitable tolling in opposition to a motion to dismiss; further factual development

9   is "required."  Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (reversing grant of motion

10   to dismiss because district court failed to "develop the record" in response to petitioner's claim

11   of mental incompetency); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)

12   (remanding with instructions for district court to develop facts concerning whether AEDPA

13   materials were unavailable in the prison law library and determine the legal significance of such

14   a finding).  That is, it is the court's duty to develop the facts.  In view of this, petitioner is

15   afforded an opportunity to provide a declaration covering the facts set out in his opposition.  In

16   his supplemental opposition, petitioner should give specific details demonstrating how and when

17   he diligently pursued his rights and how any extraordinary circumstances were the cause of his

18   untimeliness.

19        Accordingly, in order to fully develop the record, the court orders petitioner to file a

20   supplemental opposition to the pending motion to dismiss regarding his claim of equitable

21   tolling.  The court notes that any affidavit(s) or declaration(s) from petitioner regarding these

22   facts must be filed under penalty of perjury.  **Petitioner shall file, and serve a copy on**

23   **respondent, a supplemental opposition and any supporting documentation within thirty**

24   **days from the date of this order.  Respondent shall file a reply brief and include any**

25   **supporting evidence within fifteen days of the date of this order.**

26        Petitioner is reminded that it is his responsibility to prosecute this case.  Petitioner is

27   further reminded that all communications with the court must be served on respondent by

28   mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and

all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

Dated:  __11/17/08_____

*Ronald M. Whyte*
_____
RONALD M. WHYTE
United States District Judge

Order Allowing Further Briefing on Respondent's Motion to Dismiss
P:\pro-se\sj.rmw\hc.04\Xiong961sched