1
2
3
4
5
6                                                          ***E-FILED - 2/12/09***
7
8
9                              IN THE UNITED STATES DISTRICT COURT
10                           FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

| | | |
|---|---|---|
| KENNETH CARROLL FITZHUGH, JR., | ) | No. C 07-1091 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| v. | ) | DISMISS |
| | ) | |
| JOHN MARSHALL, Warden, | ) | (Docket Nos. 13, 20) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 24, 2007, the court ordered respondent to show cause why the writ should not be granted. On March 24, 2008, respondent filed a motion to dismiss the petition as untimely. The court granted petitioner's request for extension of time to file his opposition to the motion to dismiss. Petitioner filed his opposition on June 3, 2008. Although ordered by the court to do so, respondent did not file a reply. On November 20, 2008, the court ordered petitioner to file a supplemental opposition in order to develop the record with respect to his equitable tolling argument. On December 24, 2008, petitioner filed his supplemental opposition. On January 16, 2009, respondent filed a reply along with a motion for extension of time to file a reply. Accordingly, having considered all of the papers filed by the parties, the court GRANTS respondent's motion to dismiss.

**BACKGROUND**

On August 2, 2001, a jury convicted petitioner of second degree murder. (Resp.'s motion at 2.) On October 10, 2001, petitioner was sentenced to 15 years to life. (Petition at 4.) On July 25, 2002, the California Court of Appeal dismissed his appeal. (Resp.'s Motion to Dismiss, p. 2.) Petitioner did not file a petition for review. (Petition at 4.)

On July 19, 2004, petitioner filed a habeas petition in California Court of Appeal, which was denied on July 21, 2004. (Resp.'s Motion to Dismiss, Ex. B.) On August 12, 2004, petitioner filed a habeas petition in Santa Clara Superior Court, which was subsequently denied on January 10, 2005. (Petition at 4.) On May 31, 2005, petitioner filed a habeas petition in the California Court of Appeal, which was denied on June 8, 2005. (Resp.'s Motion to Dismiss, Ex. C.) On August 29, 2005, petitioner filed a habeas petition in California Supreme Court, which was denied on June 28, 2006. (Id., Ex. D.)

The instant federal habeas petition was filed on January 31, 2007. See Houston v. Lack, 487 U.S. 266, 276 (1988).

**DISCUSSION**

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, as in the case of petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a petition for review in California Supreme Court, his conviction became final forty days after the California Court of Appeal dismissed his appeal on July 25, 2002, i.e., on September 3, 2002. See Cal. R. of Ct. 8.366; Cal. R. Ct. 8.500(e)(1). Absent tolling, petitioner had one year, i.e., until September 3, 2003, to file a federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). However, petitioner did not file a federal habeas petition until January 31, 2007. Petitioner's petition is untimely by over three years unless the limitation period was tolled for a substantial period of time.

B.   Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, petitioner's first state habeas petition was not filed until July 14, 2004, approximately ten months after the limitations period had already expired. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Therefore, there is no basis for statutory tolling in this case, and petitioner does not argue that he is entitled to any.

C.   Equitable Tolling

Petitioner's opposition concedes the time limits set forth by respondent's motion to dismiss, however, he claims that he is entitled to equitable tolling which would make his petition

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.07\Fitzhugh091mtd.wpd

1  timely under the AEDPA's statute of limitations.  (Opp., p. 1-2.)  Specifically, petitioner states

2  that he gave all his legal documents to a fellow inmate who planned to prepare petitioner's

3  opening brief to the California Court of Appeal on direct appeal.  (Id.)  This inmate, Mark Steven

4  Baird, submitted a declaration attached to petitioner's federal habeas petition, averring that he

5  accidentally sent all of petitioner's legal documents in May 2002 to his personal home and was

6  unable to get those documents returned to him for more than two years, in June 2004.  (Id.)

7  Thus, petitioner argues that he is entitled to equitable tolling from May 1, 2002 through June 15,

8  2004.  (Opp., p. 3.)

9          The Supreme Court has "never squarely addressed the question whether equitable tolling

10 is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8

11 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably

12 tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v.

13 United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on

14 other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)

15 (en banc).  Equitable tolling will not be available in most cases because extensions of time

16 should be granted only if "extraordinary circumstances beyond a prisoner's control make it

17 impossible to file a petition on time."  Id. (citation and internal quotation marks omitted).

18         The Ninth Circuit has held that the petitioner bears the burden of showing that this

19 "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th

20 Cir. 2002).  The petitioner must establish two elements in order to be granted equitable tolling:

21 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

22 stood in his way."  Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544

23 U.S. at 419).  The prisoner also must show that "the 'extraordinary circumstances' were the

24 cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations

25 omitted).

26         Although equitable tolling may be available in limited cases, there is no basis for such

27 tolling in this case.  First, the circumstances and actions of petitioner's jailhouse lawyer,

28 including inadvertently sending petitioner's legal files away, do not rise to the level of

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.07\Fitzhugh091mtd.wpd

extraordinary circumstances. See, e.g., Lemos v. Marshall, 2008 WL 4410151, *4 (C.D. Cal. Aug. 21, 2008) ("entrusting his transcripts to fellow inmates and thereby assuming the risk that the transcripts could be misplaced or lost was a matter entirely within petitioner's control"); United States v. Cicero, 214 F.3d 199, 204-05 (D.C.Cir. 2000) (concluding that federal inmate was not entitled to equitable tolling on the ground that prisoner gave his legal papers to "jailhouse lawyer" whose placement in segregation resulted in separation of prisoner from his papers, as prisoner entrusted his papers to another at his own peril); Bane v. McKee, 2005 WL 3501407, *5 (E.D.Mich. Dec.21, 2005) (finding no equitable tolling based on unavailability of trial transcripts where he had entrusted his trial transcripts to another inmate); Cox v. Edwards, 2003 WL 2221059, *3 (S.D.N.Y. September 26, 2003) (noting loss of legal papers by other inmates does not entitle a habeas petitioner to equitable tolling of the AEDPA's limitations period). Cf. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that counsel's ordinary negligence did not constitute extraordinary circumstances sufficient to warrant equitable tolling). Second, petitioner fails to demonstrate which legal files were out of his possession and how the denial of access to these materials impaired his ability to file a petition. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (noting that the petitioner should demonstrate that "the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness"). Third, petitioner does not state what claims he was unable to raise without such legal documents, or address what specific extraordinary circumstance stood in his way, proximately causing his petition to be untimely. See id.

       Finally, even assuming that the loss of his legal papers by his jailhouse lawyer was an "extraordinary circumstance," petitioner fails to provide the court with sufficient information as to how he was diligently pursuing his rights during that time or otherwise attempted to retrieve his legal documents. See Pace, 544 U.S. at 419; Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006) (noting petitioners' statements were sufficient to demonstrate "reasonable diligence" by "alleging what they did to pursue their claims and complain about their situations, and alleging that they did so before AEDPA's statute of limitations expired"). Although petitioner asserts that he inquired approximately 10 times into the status of Inmate Baird's retrieval of his legal

1  documents, he does not demonstrate that he asked Baird for these documents prior to the
2  expiration of his statute of limitations.  In addition, though petitioner avers that he asked trial
3  counsel once during the summer of 2003 for a copy of his case file, the court notes, again, that it
4  is unclear whether his inquiry occurred before or after the statute of limitations expired.
5  Accordingly, the court finds these attempts are insufficient to show that petitioner was diligently
6  pursuing his rights during the relevant time period.

7  Even after given an additional opportunity to support his equitable tolling argument, the
8  court concludes that petitioner has failed to meet his burden of demonstrating that he is entitled
9  to equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Accordingly,
10 as the petition was filed over three years after the limitation period expired, and there is no basis
11 for delaying the commencement of the limitation period or for equitable or statutory tolling, the
12 instant petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

**CONCLUSION**

14 Good cause having been shown, respondent's motion for an extension of time to file a
15 reply to petitioner's supplemental opposition (docket no. 20) is GRANTED.  Respondent's
16 reply, filed January 16, 2009, is deemed timely filed.

17 Respondent's motion to dismiss the petition as untimely (docket no. 13) is GRANTED.
18 The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).  The clerk shall
19 terminate all pending motions and close the file.

20 IT IS SO ORDERED.
21 Dated:   2/10/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge